The opinion of the Court was delivered by
Johnson, J.
The questions, arising out of this ease, may be considered in a genera] view, with reference to the consolidation of actions, and the proceedings in dower at common law, and under the Act of the Legislature.
When a party brings several actions, the Court will not compel Mm to consolidate, unless it be against the,same defendant, and for a cause of action of a similar nature, in which the issue is the same ; and in no case where the action is against several defendants. Tidd’s Practice, 554. Thomson v. Shepherd, 9 Johnson’s Reports, 262. Smith v. Crabb, 2 Strange, 1159. Mynot v. Bridge, Ibid, 1178. Not in actions ex delicto ; because each is separately liable for the wrong done : and not in action ex contractu; because, if they ought to be joined, and are not, they may plead it in abatement. It was therefore incumbent on the defendant to have shown that the proceeding’s in dower formed an exception to the general rule; and although it has been ingeniously attempted, I think it has not been done, in relation to the present case. The proceedings in dower possess all the qualities of proceeding in other eases, and must be governed by the same *rules in relation to those who must or must not be parties, unless it be governed by rules peculiar to itself, and I think none such exist, when the thing, with which the demandant is to be endowed, is divisible, and does not possess an entire unity of character. Now, if the husband was possessed of divers tenements, of which the widow might be endowed, severally, and they were all in the possession of, or claimed by, an individual, as the heir or executor, and she were to issue several summonses against him, for each of the tenements, she might be compelled to consolidate, for the reason given in the rule. But when several persons are in possession of several tenements, of which she is entitled to be endowed, separately, whose reasons for refusing to assign her dower she is not bound to know, and which may be as multifarious as there are persons, she may, according to the rule, proceed against them severally, because their wrongs are several, and distinct.
In support of the present motion, 2 Fitz. Nat. Brev. 141, has been cited; from which it appears that the widow might have one writ, for the admeasurement of dower, of all the lands lying within the jurisdiction of the Court, from whence it issued, although there be several tenants. This may be true, and yet it does not follow that she may not have separate writs against each of the tenants of distinct tenements; for in trespass by several, the plaintiff may at his election sue them jointly or severally ; and it has been shown that they are not to be consolidated. Besides, if they were the tenants of the heir-at-law, or if he alone hath deforced her, then it is shown that the remedy was alone against him, *251 although there were several tenements; and if she had proceeded to issue several summonses, they would have been consolidated. Thus, I think, the law stood before the Act of Assembly of 1786 ; and it only remains to be inquired, whether that Act has changed the nature of the proceedings in relation to the parties. P. L, 408. 1 Brev. 270.[1] It requires that the summons shall be ^directed to the heir-at-law of the deceased, “ if of full age, or to his or her guardian, if he or she Shall be an infant, and if there be no guardian, then to the executor or administrator, or to any other person or persons, who may be in possession of any of the said lands, commanding him, her, or them, to appear,” &c. It is not necessary to go into a minute examination of this Act to show its meaning, as relates to the present question ; it is sufficient to say, that it nowhere expressly confines the demandant to a single writ for all the lands of her deceased husband ; it is sufficient to show, that the reverse of that proposition must necessarily follow from the claim before us, and which was relied on to support it. I feel warranted in saying, that there is no case in which the rights of a person, not a party to the action, is concluded by the judgment of the Court. Now the Act requires, that the summons shall, in the first place, be directed to the heir, if he be of age, and if a minor, to his guardian ; and if there be no guardian, then to the executor or administrator, or to any other person or persons who may be in the possession of any of the said lands. In the first case, the heir is the party entrusted, and in case of minority, he is made a party through the means of his guardian, if he have one, or through the executor or administrator ; and he is concluded by the judg-' ment of the Court, when thus made a party. But surely it will not be insisted, that those who hold lands, independent of the heir, and who are not parties, are. And if, on the contrary, the heir was to be concluded by a judgment against a person in the possession of a distinct tenement, as to all the lands of his ancestor, it would literally be deciding on the rights of parties without the possibility of their being heard ; and yet, all this would follow, if the construction contended for were to prevail. The only possible objection to the. mode of proceeding adopted in this case, is, the introduction of a multiplicity of actions, and the consequent increase of expense. And yet, the same objection *wóuld apply to all actions, in which a plaintiff has a right to bring joint or several actions against several, for the same wrong ; and these, it has been shown, cannot be consolidated. And the weight of this objection is in a great degree obviated by the consideration, that in this, as in the cases above alluded to, the defendants, if sued jointly, might sever in their defence ; and in that case, the costs would not be greatly diminished. And on the other hand, innumerable inconveniences might result from a different mode of proceeding, unless all the defendants thought proper to join in the defence. The record would be incumbered with a multiplicity of issues, always perplexing to a jury, and therefore to be avoided, if possible. And to determine it finally, you must wait until all the parties chance to be ready at the same moment, which would lead to endless delays. And moreover, the usage and practice of the Courts, so far as I *252 am conversant with it, is in accordance with this view of the subject. I am, therefore, of opinion that the motion ought to be dismissed.
Note. — As to the general rule, see Thompson v. Sheppherd, 9 John. 262, where the Court said, “ The motion for a rule that these causes be consolidated must be denied. The notes are of different dates, for different sums, and payable at different times; and for any thing that appears, different defences maybe set up in the several suits. To compel a consolidation, under such circumstances, would be going farther than is the usual practice of this Court, or the K. B. in England ; (1 Caines’ Rep. 114; Imp. K. B. Prac. 668; 1 Tidd, 556;) though the case of Cecil v. Brigges, (2 Term. Rep. 639,) would seem to extend the consolidation rule to all actions between the same parties, and brought at the same time, where the causes of action might be comprised in the same declaration. A liberal extension of this rule is well calculated to prevent oppression, by an unnecessary accumulation of costs, and we should be inclined to say, that where separate suits are brought upon notes or contracts made at the same time, and which might have been united in one action, and when the defence is the same in all, a consolidation rule ought to be granted.” R.
See 2 N. & McC. 440; 10 Rich. 142; 2 Bail. 380.
K. L. Simons, for the motion ; H. A. De Saussure, contra.
All the judges concurred.

 4 Stat. 742. See 9 Rich. 397; 2 Bail. 319.